## THE PEOPLE v. STEVE BAUMAN.

### *Embezzlement—Intent—Instructions.*

It is error to instruct the jury in a prosecution for embezzlement that the mere retention of money, or its expenditure for the purposes of the firm for which the respondent was selling cigars, with authority to make collections, in excess of the amount agreed upon for his expenses, if accompanied by a bare failure to report or accurately account for the money, is sufficient to convict, as it leaves out the important question of criminal intent,—the design to wrong, cheat, or defraud the owner,—which is a necessary element of the crime of embezzlement.

Error to recorder's court of Detroit. (Chapin, J.) Argued May 8, 1895. Decided May 28, 1895.

Respondent was convicted of the crime of embezzlement, and sentenced to imprisonment in the State prison at Jackson for two years and a half. Judgment reversed, and new trial granted. The facts are stated in the opinion.

*James V. D. Willcox* (*E. F. Bacon*, of counsel), for respondent.

*Allan H. Frazer*, Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Prosecuting Attorney, for the people.

HOOKER, J. The defendant appeals from a verdict and sentence upon a charge of embezzlement. He sold cigars for the complainant, and was authorized to make collections. Incidental expenses, such as money used in saloons, were adjusted from time to time, but he was expected to make reports of collections and expenses at short intervals, if not daily. The testimony introduced on behalf of the prosecution tended to show that the

defendant had collected moneys from customers which he had failed to report and had denied receiving, and that he was short upwards of $100. The testimony for the defendant does not dispute a possible shortage, but tends to establish the facts that there was no intentional concealment; that it was usual for him to appropriate some of the money collected, and apply it upon his salary; that he was sometimes overpaid, or had drawn or used, to the extent of $75 or $100 in advance of his earnings; but that it was never with the fraudulent or felonious design of cheating or defrauding his employer.

In his charge to the jury the court said:

"He is charged with not having done that; that is to say, with not having turned in the moneys which he collected. Now, if you find from the evidence in this case that he retained these moneys, it is not necessary that he appropriate them to his own use. If he retained the moneys, if he made these collections, and kept them, if you are satisfied beyond a reasonable doubt that that is the case, then, of course, it will be your duty to convict, and your verdict will be guilty. * * * If you are satisfied from the evidence in this case, beyond a reasonable doubt, that the defendant did make these collections, and that he did not turn the moneys in,—all the money which he collected,—barring, of course, the amount which he was authorized to spend, if you believe that he was authorized by C. P. Collins & Co. to spend a portion of what he collected for the purpose of advertising their business, but if you believe that he kept more than that, then, of course, it will be your duty to convict. * * *. If you believe that he had authority to spend a certain amount, then, of course, you must find that he had no authority to spend any more than that. If he spent any more than that, he was doing it upon his own authority, and without authority from the firm, and that was spending money which he had no right to spend; and if he spent any more money than he was authorized by the firm, and failed to account to the firm for the moneys which he collected, barring the amount which he was authorized to spend, then he made such an appropriation of this money as he was not entitled to make; and, if you believe that he did that,—failed to account to this firm for these moneys which he collected,—then it will be your duty to convict."

Under this charge, the mere retention of money, or its expenditure for the purposes of the firm in excess of the amount agreed upon for expenses, if accompanied by a bare failure to report or account for accurately, was sufficient to authorize a conviction. It leaves out the important question of criminal intent,—the design to wrong, cheat, or defraud the owner,—which is a necessary element of embezzlement. It may be that the facts found by the jury were sufficient to prove the existence of this intent had that question been submitted to them, but we cannot assume that they found it.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.